UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:24 CR 00160 SNLJ |
| v. | ) | |
| | ) | |
| DAVID MCKNIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States of America, by and through Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Christine Krug, Assistant United States Attorney for said District, and for its Sentencing Memorandum, states to this Honorable Court as follows:

Police officers "shall take and subscribe an oath or affirmation to support the Constitution of the United States and of this state, and to demean themselves faithfully in office." Missouri Constitution Article VII, Section 11. Law enforcement officers are, and should be, held to a higher standard. The citizenry must be able to trust those charged with keeping them safe. Each time a police officer violates the law, that trust is eroded. When that trust is eroded, all the law enforcement officers who are following their oath are sullied by association.

On December 16, 2025, the Defendant pleaded guilty to nine counts of Deprivation of Rights Under Color of Law.  The Presentence Investigation Report (PSR) calculated a total offense level of 16 and a criminal history category of I.   The total offense level calculation includes a two level increase for obstructive behavior. The Defendant disagrees with its application. Assuming the Court believes that the total offense level should be 16, the Defendant's advisory guideline

range of imprisonment is 21 to 27 months. This range is higher than the statutorily allowed sentence of 12 months imprisonment per count and would require the Court to sentence the Defendant to consecutive terms of imprisonment. The Government requests that the Defendant be sentenced to a term of 24 months' imprisonment, which is within the recommended guidelines sentence. A sentence of 24 months would necessitate at least a partial consecutive application of any sentence ordered.

I.      The Section 3553(a) Factors Dictate Imposition of a Term of Imprisonment

Title 18, United States Code, Section 3553(a) lists the following relevant factors to be considered by the Court in sentencing:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed --
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentences and the sentencing range established for--
    (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines...
5) any pertinent policy statement ---
    (A) issued by the Sentencing Commission...
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...

Application of these factors in this case supports a prison sentence.

A.  The Nature and Circumstances of the Offense and History and Characteristics of the Defendant

1.  The Nature and Circumstances of the Offense

As established at the Defendant's guilty plea, the Defendant took personal, intimate property of nine different women during the course of what should have been a routine traffic stop.

2

The Defendant had no lawful reason to even take possession of the cellular phones of the women he pulled over and when he went through their cellular phones and appropriated those images, he violated the victims' constitutional right to be free from unlawful search and seizure. In his guilty plea, the Defendant admitted he violated their constitutional rights during each of those traffic stops.

    2.   The History and Characteristics of the Defendant

The Defendant has no criminal convictions; however, his actions in this case are quite illustrative as to his character. As pointed out on page 17 of the Pre-Sentence Report, the Defendant previously served in the United States Air Force (2003-2009). As such, even before becoming a police officer with Sikeston Department of Public Safety and later the Missouri State Highway Patrol, he was familiar with the responsibilities and duties that come with taking an oath to protect and serve. In short, the Defendant certainly knew better.

    B.   The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment for the Offense

Defendant was an on-duty police officer, in uniform, and driving a marked police vehicle at the time that he committed these crimes. The government believes that a sentence of 24 months is warranted and appropriate based on the Defendant's actions and the charges to which he pleaded guilty. Such a sentence is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  Law enforcement officers are charged with following the law and enforcing it appropriately as they carry out their duties.  Most police officers take this responsibility seriously. The Defendant did not. The sentence imposed should demonstrate to the community that this conduct by its police officers is unacceptable.  A sentence of incarceration is

3

just punishment for these offenses, considering the Defendant's abuse of authority in this case not once, but nine times.

### C.   To Afford Adequate Deterrence to Criminal Conduct

Defendant's sentence must create adequate deterrence to criminal conduct by other police officers.  Scholars have differed on the effectiveness of lengthy sentences to deter other actors because deterrence depends on the assumption that other officers are aware of the consequences. Cases such as this routinely garner media attention, so awareness by other law enforcement officers of the outcome of this case is more likely. Law enforcement officers will be deterred because they are sensitive to the prosecution of officers for civil rights violations—they do not want to be in that position. For any officer who might consider the Defendant's actions to be acceptable, a prison sentence will clearly demonstrate that similar actions are not just unacceptable, but criminal.

### II.   Conclusion

The Defendant's conduct in this case was inexcusable and demands a sentence of incarceration.  While the counts to which the Defendant pleaded guilty are misdemeanors, the Defendant's conduct was still serious such that it was an abusive invasion of privacy and caused harm to his victims, and there should be appropriate consequences for his actions. For the foregoing reasons, the Government respectfully requests the Court sentence the Defendant to a sentence of 24 months imprisonment. It is sufficient but not greater than necessary to comply with Title 18 United States Code Section 3553(a), will hold the Defendant accountable, and will hopefully restore some sense of justice in the community and provide closure for the victims.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Christine H. Krug*
CHRISTINE H. KRUG, #42586MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
Saint Louis, Missouri 63102
Christine.Krug@usdoj.gov
Telephone: (314) 539-2200
Facsimile: (314) 539-3887

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

*/s/ Christine H. Krug*
Christine H. Krug, #42586MO
Assistant United States Attorney